**NEW HAVEN COUNTY, FEBRUARY TERM, A. D. 1774.**

THOMPSON & BARKER v. ALSOP.

An intentional deviation will not excuse the underwriters, but there must be an actual deviation.

ACTION upon a policy of insurance, for £400, insured upon the sloop        from Branford in Connecticut, to Antigua in the West Indies, and back again to said Branford, for damages suffered at sea, with a deduction of two and a half per cent. in case of loss, etc.

The plea in bar admits the policy; but says, that said vessel on her return from said Antigua, arrived safe at Teaches hole,

a place of safety in North Carolina, without having suffered any loss, within the meaning of the policy, on the 21st of March, A. D. 1771; and     Price the master, being also supercargo, there altered the voyage for the benefit of the owners, and sailed up Pungo river, about fifty miles into the country, and there loaded and cleared out to go back to the West Indies, and sent a part of the cargo home to her owners, with information of the alteration of said voyage; which her owners approved of, and caused £600 to be insured upon said second voyage; and that said loss happened after the alteration of said voyage as aforesaid.

The plaintiffs reply and traverse the defendant's plea with respect to the alteration of said voyage, and the loss happening subsequent to said alteration.    And thereupon the parties were at issue to the jury.

It was agreed that the vessel arrived safe at Teaches hole; that she went up Pungo river into the country; that upon her return down said river, in passing over the Swash, so called, she was lost, which was in the road both to Branford and the West Indies.

By the defendant it was contended that Teaches hole was a place of safety; that going up Pungo river fifty miles into the country, was unnecessary and so a deviation, and the vessel being lost after such deviation in coming down said river and passing over the Swash, the insurers are not liable.

For the plaintiffs it was insisted, that going up said Pungo river fifty miles into the country was necessary for safety, and no deviation; but if it was not necessary, it was not for the benefit of the owners, nor with their approbation, and so was by the barratry of the master; and that said vessel was lost in her direct road to Branford, as well as to the West Indies; there was therefore, no deviation in fact, whatever might have been intended; so that the defendant is liable.

9

2 Strange, 1249, Foster v. Wilmot; 2 Ld. Raym. 1349, Knight v. Cambridge.

The jury found a verdict for the plaintiff, and £400 damages.   The defendant moved in arrest that the jury had not deducted the two and half per cent. agreeable to the policy, so that the verdict was wrong in point of damages. Upon which the plaintiffs entered a remittitur of the two and half per cent.   The cause was continued; and judgment for the plaintiffs — but afterwards a new trial was granted, on the ground of new discovered evidence.